IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Melissa DeBias | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 11 CV 1922 |
| | ) | |
| CITY OF CHICAGO, | ) | |
| a municipal corporation, | ) | |
| OFFICER JONES, Star #15352, | ) | |
| a Chicago Police Officer, | ) | |
| in her individual capacity, | ) | |
| OFFICER BROWN, Star #7826, | ) | |
| a Chicago Police Officer, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Jurisdiction/Venue

1. This incident occurred on or about March 20, 2010, in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

Parties

3. At all relevant times pertaining to this occurrence; Plaintiff was a resident of Chicago, Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendants Jones and Brown, who were

acting under color of law and in the course and scope of their employment with the City of Chicago.

Facts

5. On or about March 20, 2010 the Plaintiff was at her residence located at 3648 S. Paulina Street, Chicago, Illinois.

6. Then and there, Defendants Jones struck Plaintiff about her face and body without any legal justification.

7. Defendant Jones struck Plaintiff about her body without any legal justification in the presence of Defendant Brown.

8. Plaintiff was placed in handcuffs and removed from her residence by Defendants Jones and Brown and while being taken to a CPD squadrol Plaintiff was thrown to the ground by Defendant Brown.

9. Plaintiff was thrown to the ground by Defendant Brown in the presence of Defendant Jones.

10. Defendants Jones and Brown did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

11. Thereafter, Plaintiff was transported to the Chicago Police Department located at 3120 South Halsted, Chicago, Illinois for processing.

12. As the proximate result of all the aforementioned actions by Defendants Jones and Brown the Plaintiff suffered bodily injury, pain and suffering, medical bills and emotional injury.

## COUNT I – 42 U.S.C. § 1983 Excessive Force

(Plaintiff v Defendants Chicago Police Officer Jones and Brown)

13. Plaintiff re-alleges all prior allegations.

14. The actions of Defendants Chicago Police Officer Jones and Brown in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

15. As the proximate result of all of the aforementioned actions by Defendants Chicago Police Officer Jones and Brown, the Plaintiff suffered bodily injury, pain and suffering, medical expenses and psychological damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendants Jones and Brown and because Defendants Jones and Brown acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

## COUNT II – 42 U.S.C. §1983 Failure to Intervene

(Plaintiff v. Defendants Jones and Brown)

16. The Plaintiff re-alleges what has been previously alleged in this complaint.

17. The actions or inaction of Defendants Jones and Brown in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable force despite the duty and opportunity to do so violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were the direct and proximate cause of Plaintiff's injuries described more fully

above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Jones and Brown and because Defendants Jones and Brown acted maliciously, wantonly, or oppressively, substantial punitive damages, plus costs of this action, plus attorney's fees and such other additional relief as this Court deems equitable and just.

### COUNT III – Illinois State Law Claim of Battery

(Plaintiff v. Defendant Jones and Brown)

18. Plaintiff re-alleges what has been previously alleged in this Complaint.
19. One or more Chicago Police Officers with the Defendant City of Chicago physically abused the Plaintiff, and these officers committed these intentional acts of harmful and/or offensive contact against the Plaintiff, and were without provocation or legal justification.
20. The actions of one or more of these City of Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.
21. One or more Chicago Police Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs of this action, plus any and other additional relief as this court deems equitable and just.

## COUNT VI – Indemnification

(Plaintiff v. City of Chicago)

22. Plaintiff re-alleges what has been previously alleged in this Complaint.

23. Defendant City of Chicago is the indemnifying entity for the actions described above, of Defendants Jones and Brown who took their actions while acting under the color of law and in the course and scope of his employment with the City of Chicago.

WHEREFORE, should Defendants Jones and Brown be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) he obtains thereon.

## COUNT IV- Claim for Respondeat Superior

24. Plaintiff re-alleges what has been previously alleged in this Complaint.

25. The aforesaid acts of the Defendants Jones and Brown were in the scope of their employment and therefore the Defendant City of Chicago, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the Defendant Officers be found liable for any state claims alleged herein, Plaintiff demands judgment against the City of Chicago and such other additional relief, as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

By: __/s/ Michael Schmiege_____

Michael Schmiege
Attorney for Plaintiff

Law Offices of Michael P. Schmiege, P.C.
4633 S. Ashland Avenue
Chicago, Illinois 60609
(312)218-8050 (phone)
(312)626-2401 (fax)
#6287317